HORACE ODOM v. THE STATE.

No. 8165. Decided March 12, 1924.

Rehearing denied June 18, 1924.

1.—Manufacturing Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence sustained the conviction, there is no reversible error.

2.—Same—Charge of Court.

No error appears in the court's stating in paragraph one of his charge that it was unlawful for any person to directly or indirectly manufacture intoxicating liquor.

### 3.—Same—Charge of Court.

This court sees no reason why the court below should have given the requested charge to the effect that the jury could not convict the defendant for possessing liquor nor for having mash in his possession, etc.

### 4.—Same—Requested Charge.

Where it was apparent from an inspection of the court's main charge that after the defendant's requested instructions, as to the personal presence of defendant was presented, the court inserted it in the main charge as paragraph 2a, there is no reversible error.

### 5.—Same—Suspended Sentence—Charge of Court.

The court correctly refused the requested charge which in ·substance asked that the jury be told that in considering the suspended sentence they would not consider the fact that the accused had been convicted at a former term for possessing liquor, because of the fact that the Court of Criminal Appeals held in his case his possession of liquor was not an offense and reversed and dismissed the case.

### 6.—Same—Rehearing.

While appellant is correct in his complaint as to the refusal of the three special charges mentioned as being inaccurate, yet in the opinion of the court, after passing upon these requested charges, there was no error in refusing them, and the motion for rehearing is overruled.

Appeal from the District Court of Denton. Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Robert H. Hopkins*, for appellant.—On question of suspended sentence: Williford v. State, 255 S. W. Rep., 170.

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Denton County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The record seems to satisfactorily show the manufacture of intoxicating liquor at the house occupied by appellant. The evidence for the State and the appellant was in conflict, but that offered in support of the conclusion of guilt is deemed sufficient.

No error appears in the court stating in paragraph one of his charge that it was unlawful for any person to directly or indirectly manufacture intoxicating liquor. The bill complaining of this presents no ground upon which the exception to the charge would seem to rest.

The court submitted to the jury the law of the unlawful manufacture of spirituous, etc., liquors. No other offense was charged in

the indictment. We see no reason why the court should give the special instruction to the effect that the jury could not convict the defendant for possessing liquor, nor for having mash in his possession, nor for having a still. The trial court is not required to submit special charges warning the jury not to convict of some character of offense not submitted in the charge, unless there appears reasonable danger that such might be the case.

From bill of exceptions No. 3 it appears that appellant asked a special charge which is as follows:

"Gentlemen of the Jury: For the defendant to be indirectly interested in the manufacture of liquor so as to be guilty of any offense, you must find and believe from the evidence beyond a reasonable doubt that though personally not present at the time and place where said intoxicating liquor was manufactured, that he had some interest therein and if you have a reasonable doubt of his having some interest therein you will find the defendant not guilty."

It is apparent from an inspection of the court's main charge that after this special instruction was presented the court inserted it in the main charge as paragraph 2a. Having been requested by appellant as above stated, he would be in no position to except to the court's action in giving it whether as a part of the main charge or in a special instruction.

The special charge, complaint of which appears in bill of exceptions No. 4, in substance asking that the jury be told that in considering the suspended sentence they would not consider the fact that the accused had been convicted at a former term for possessing liquor, because of the fact that the court of Criminal Appeals held that in his case his possession of liquor was not an offense and reversed and dismissed the case was improper and the court correctly refused the charge. Bill of exceptions No. 5 is to the refusal of the court to give appellant a new trial. It presents no error. Bill No. 7 as qualified by the court below presents no error.

There are three special charges in the record. None of them show by any notation thereon that refusal to give them was excepted to, nor is there separate bills complaining of such refusal.

The record does not present any error, and the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

June 18, 1924.

LATTIMORE, JUDGE.—Complaint is made of the statement in the latter part of our opinion that there were three special charges in the record none of which showed by notation thereon that the refusal to give same was excepted to, nor was there a separate bill complain-

ing of such refusal. Appellant is correct in his complaint at this statement. It was certainly inaccurate. However, in the opinion we considered and passed upon the matter presented in each of the three special charges which appear in the record and the refusal to give which was excepted to. We have reviewed the matters presented in said charges and are of opinion that they were correctly decided. There is a supplemental brief and argument filed by appellant in which he refers to his special charge set out on page 12 of the transcript. We regret that we cannot find any special charge there and also that we are unable to apply any principles announced in the cases cited in said supplemental argument to any of the special charges appearing in the record.

Believing the case properly decided in the original opinion, the motion for rehearing is overruled.

*Overruled.*